Slip Op. 99 - 79

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,                    :

                 Plaintiff, :
                               Consolidated
        v.                    : Court No. 96-02-00608

YUCHIUS MORALITY COMPANY, LTD. and     :
INTERCARGO INSURANCE CO.,
                         :
               Defendants.
- - - - - - - - - - - - - - - - - - -x


Memorandum & Order

[On cross-motions, partial summary
 judgment for the plaintiff.]

                         Dated:  August 11, 1999

    David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director, and Velta A. Melnbrencis, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (A. David Lafer and Saul Jay Singer); and Office of Associate Chief Counsel, U.S. Customs Service (Annmarie R. Highsmith), of counsel, for the plaintiff.


    Law Offices Sharma & Bhandari (Onkar N. Sharma); and S.J. Christine Yang, of counsel, for defendant Yuchius Morality Company, Ltd.

    Sandler, Travis & Rosenberg and Glad & Ferguson, P.C. (T. Randolph Ferguson); and John M. Daley, of counsel, for defendant Intercargo Insurance Co.

      AQUILINO, Judge:  This action brought pursuant to 19 U.S.C. §1592 and 28 U.S.C. §1582 consolidates plaintiff's complaint against Yuchius Morality Company, Ltd. for unpaid duties and for penalties in connection therewith and its complaint against Intercargo Insurance Co., as surety for such duties.

I

The first complaint avers that defendant Yuchius entered certain household furnishings into the United States from various suppliers in Hong Kong, China, Taiwan and Indonesia under cover of 1,395 entries at various ports; that their entry documents falsely understated the value of those goods in violation of section 1592 of the Tariff Act; and that such understatement led to underpayment of applicable duties.  The other complaint prays that the defendant surety be held indebted to the government for the unpaid duties to the extent covered by its continuous bond, Customs Form 301, on behalf of its principal, the above-named importer.

A

Subsequent to its joinder of issue, defendant Yuchius interposed a motion for summary judgment on the stated grounds:

1. There is no genuine dispute of material fact.

2. Defendant is entitled to judgement as a matter of law because Plaintiff's claim for the allegedly underpaid customs duties is barred by statute of limitations.  In addition, the penalty claim based upon the alleged negligence in undervaluation of certain Import entries is not in compliance with the statutory requirements.

Emphasis in original.  This has brought forth a cross-motion by the plaintiff for partial, summary judgment on its claim for the unpaid duties[1] and also a motion by defendant Intercargo for

---

[1] The plaintiff asserts that "[t]he penalty question, which is wholly inappropriate for summary judgment, is an issue to be adjudicated at trial."  Memorandum of United States, pp. 2-3.

    The court concurs.

summary judgment on its cross-claim "for exoneration and reim-

bursement against defendant Yuchius"[2].

The motion of defendant Yuchius is not in conformity

with the dictate of CIT Rule 56(i), to wit:

> Upon any motion for summary judgment, there shall
> be annexed to the motion a separate, short and concise
> statement of the material facts as to which the moving
> party contends there is no genuine issue to be tried.
> The papers opposing a motion for summary judgment shall
> include a separate, short and concise statement of the
> material facts as to which it is contended . . . there
> exists a genuine issue to be tried.  All material facts
> set forth in the statement required to be served by the
> moving party will be deemed to be admitted unless con-
> troverted by the statement required to be served by the
> opposing party.

On its part, the plaintiff has filed such a mandated statement

as follows:

> 1. During the five year period encompassing fiscal
> years 1988 through 1992, Yuchius made approximately
> 1,600 entries with an estimated entered value of $50
> million.  . . .
>
> 2. Yuchius failed to maintain adequate or sufficient
> records to determine the actual price paid or payable
> for the merchandise it imported into the United States
> during fiscal years 1988-1992.  . . .
>
> 3. For fiscal year February 1, 1991 through January
> 31, 1992, Yuchius . . . undervalued its importations
> by $4,228,896.  . . .
>
> 4. Yuchius' $4,228,896 undervaluation for [that] fiscal
> year . . . resulted in a loss of revenue to the Govern-
> ment of approximately $248,125, which Yuchius has since
> remitted to the Government.  . . .

---

[2] The court's jurisdiction over this claim is pursuant to
28 U.S.C. §1583.

5. For fiscal years 1988-1992, Yuchius' own records show that the value of the imported purchases totaled $59,944,282 and that Yuchius declared to Customs that the value of that same merchandise was only $49,691,820.  . . .

                              *    *    *

7. Yuchius' undervaluation for the four fiscal years beginning February 1, 1989 resulted in a loss of revenue to the Government of $576,790, including a loss of duties to the United States in the amount of $549,642; harbor maintenance fees of $10,224; and merchandise processing fees of $16,923.  . . .

8. Yuchius has stipulated that the Government lost $539,202 as the result of Yuchius' undervaluations of imports.  . . .

9. Yuchius owes the Government $328,665 in outstanding duties and fees, representing the difference between the total owing from Yuchius' undervaluation of its imports during the four fiscal years beginning February 1, 1989 and the payments already made by Yuchius to the Government.  . . .

10. Yuchius has refused to pay the $328,665 in outstanding revenue rightfully due to the Government.

11. None of the Government's claim against Yuchius for . . . lost revenue is time-barred.  . . .

12. The Government complied with all statutory requirements in this matter, has provided Yuchius with an effective administrative review and has afforded Yuchius all the due process to which it is entitled.  . . .

Citations omitted.


        Defendant Yuchius does not controvert this statement in accordance with Rule 56(i), supra, which means that all material facts set forth therein are deemed admitted.  Cf. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Sweats Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1562 (Fed.Cir. 1987);

United States v. Continental Seafoods, Inc., 11 CIT 768, 773-74, 672 F.Supp. 1481, 1486-87 (1987).  Indeed, as shown above, defendant's own motion for summary judgment is predicated upon the representation that there is no genuine dispute of material fact.  Rather, the position of Yuchius with regard to the unpaid duties is that plaintiff's claim is barred by the statute of limitation.

This action was commenced on February 28, 1996, by which time Congress had amended the Tariff Act of 1930, 19 U.S.C. §1621, to encompass specifically "an action to recover any duty under section 1592(d) . . . within 5 years after the date of the alleged violation". North American Free Trade Agreement Implementation Act, Pub. L. No. 103-182, Title VI, §668, 107 Stat. 2057, 2216 (1993).  Prior to the amendment, 19 U.S.C. §1621 only provided that, in the case of an alleged violation of section 1592 arising out of negligence, an action not be commenced more than five years after the date the alleged violation was committed.  That formulation caused courts to consider argument to the effect that claims to recover unpaid duties were not subject to any statutory period of limitation. See, e.g., United States v. Blum, 11 CIT 316, 322-24, 660 F.Supp. 975, 980-82 (1987), rev'd, 858 F.2d 1566 (Fed.Cir. 1988), and cases cited therein. Be those cases as they were, the plaintiff in this action is of the view that the governing period for Yuchius entries even before adoption of the NAFTA Implementation Act on December 8, 1993 was five

years.  See Memorandum of United States, p. 17.  But it argues

that, "as a matter of law, none of [it]s claims are time-barred."

Id.  It does so by conceding that, by the

> time the Customs audit was completed, the statute of
> limitations had already expired as to entries made
> during the fiscal year beginning February 1, 1988.
> The auditors only reported loss of revenue findings
> for the four fiscal years beginning February 1, 1989.[3]

As for those year(s) April 18, 1989 to February 27,

1991, the plaintiff claims protection in the form of waivers

requested by Customs and provided by Yuchius to the Service on

or about April 18, 1994 and January 23, 1995.  The first[4] covers

entries between February 1, 1989 and January 31, 1990 for a peri-

od of two years, commencing April 18, 1994.  The second[5] encom-

passes entries between February 1, 1990 and January 31, 1991,

also for a two-year period, commencing January 23, 1995.

---

[3] Memorandum of United States, p. 17, n. 49.  Hence, counsel
point out that the

> Government has recalculated the final figures to take
> into account the portion of the penalty and revenue
> lost on entries filed during the period February 1,
> 1988 through April 17, 1989.

Id. at 16, referring to Exhibit A to the complaint.  See also id.
at 11, n. 34:

> [T]he statute of limitations arguably barred recovery
> on entries made between February 1, 1991 and February
> 27, 1991.  As such, the Government has not included
> these time-barred entries in this action or in its
> instant Motion for Summary Judgment.

[4] See id., Exhibit 16.

[5] See id., Exhibit 19.

          Each represents, among other things, that the waiver
was being given

> knowingly and voluntarily by Yuchius Morality Co., Ltd.
> in order that [the company] might obtain the benefits
> of the orderly continuation and conclusion[] of an ad-
> ministrative proceeding currently being conducted by
> . . . Customs . . . , in which the . . . Service is
> reviewing all of the formal customs entries of Yuchius
> Morality Co., Ltd. for the five year period February 1,
> 1988, through January 31, 1993[,]

and each was seemingly signed by John Yeh, President.  Memoran-
dum of United States, Exhibits 16, 19.  The first was followed
by written confirmation to Customs by Mr. Yeh, as Chairman of
the Board of Yuchius Morality Co., Ltd., of his corporate author-
ity to execute a waiver.[6]  There was no such follow-up for the
second writing.  And counsel for that defendant now contend that
that waiver was thus deficient.[7] This court cannot concur. Noth-
ing in the voluminous papers produced herein show either lack --
or loss-- of authority on Mr. Yeh's part on the dates of execu-
tion of the waivers.[8]  Hence, the court holds the parties now
bound by them.[9]

---

     [6] See id., Exhibit 17.

     [7] See, e.g., Defendant Yuchius Morality Co. Ltd.'s Reply
Memorandum, para. 1, p. 2.

     [8] In fact, the plaintiff contends that Mr. Yeh was the sole
Yuchius stockholder on those occasions. See Memorandum of United
States, pp. 3, 19, 20.

     [9] Cf. United States v. Thorson Chemical Corp., 16 CIT 441,
444-47, 795 F.Supp. 1190, 1192-95 (1992).  Indeed, in its own
motion for summary judgment, defendant Yuchius attempts to rely
affirmatively on its two waivers.  See Memorandum in Support of
Defendant Yuchius Morality Co., pp. 3-4, para. iv.

B

Of course, the parties are also bound by the contents of the bond executed by defendant Intercargo.  It is the basis of the government's complaint consolidated herein and of the surety's cross-claim against its principal, defendant Yuchius. Intercargo's motion for summary judgment on that cross-claim, which is specifically contingent upon lack of recovery against defendant Yuchius by the plaintiff and which was duly served and filed, has not brought forth any response from Yuchius.  Ergo, the motion is subject to grant by default.

II

In view of the foregoing, the motion of defendant Yuchius Morality Co., Ltd. for summary judgment must be, and it hereby is, denied.  Plaintiff's cross motion for partial, summary judgment on its claim for unpaid duties can be, and it hereby is, granted.  Defendant Intercargo's motion for summary judgment on its cross-motion "for exoneration and reimbursement against defendant Yuchius" should be denied at this time, without prejudice to grant upon entry of judgment herein against the surety and recovery thereon by the plaintiff.  Cf. United States v. Almany, 22 CIT ___, ___, Slip Op. 98-72, at 10-12 (June 23, 1998).

Trial of the issues remaining in this consolidated action has been scheduled to commence on January 19, 2000.

Counsel are to confer and present to the court a proposed pre-trial order, along with any recommendation as to venue therefor, on or before November 19, 1999.

So ordered.

Dated: New York, New York
       August 11, 1999


_____
                                            Judge